Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JOSÉ JULIÁN PAGÁN CORCHADO<br><br>Recurrido<br><br><br>EX PARTE | KLCE202400182 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Sobre: Eliminación de Antecedentes Penales<br><br>Caso Número: AG2023CV01488 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de abril de 2024.

El peticionario, el Pueblo de Puerto Rico, por conducto del Procurador General, comparece ante nos para que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Aguadilla, el 30 de noviembre de 2023, notificada a las partes el 4 de diciembre de 2023. Mediante la misma, el foro primario ordenó al Superintendente de la Policía de Puerto Rico hacer entrega de fotografías, récord de huellas dactilares y todo récord de circunstancias personales al aquí recurrido, señor José Julián Pagán Corchado.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se modifica la *Resolución* recurrida.

**I**

Conforme surge, por hechos ocurridos el 6 de julio y el 11 de agosto de 1996, el recurrido fue declarado culpable por la comisión de los delitos de tentativa de asesinato y robo, respectivamente tipificados en los Artículos 83 y 173 del entonces vigente Código Penal de Puerto Rico de 1974, 33 LPRA secs. 4002 y 4279. De igual

modo, resultó convicto por infracción al Artículo 404(a) de la Ley de Sustancias Controladas de 1971, 24 LPRA sec. 2404(a), que tipifica el delito de posesión de sustancias controladas. A su vez, también fue declarado culpable por el delito de apropiación ilegal de vehículo de motor, Artículo 8, Ley para la Protección de la Propiedad Vehicular de 1987, 9 LPRA sec. 871, así como, también, por una infracción a la ya derogada Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 141 de 20 de julio de 1960, 9 LPRA sec. 301 *et seq.*

Más tarde, en el año 2002, por hechos ocurridos el 22 de septiembre de 2001, el recurrido resultó convicto por violación a los Artículos 3.1, 3.2 y 3.3 de la Ley para la Prevención e Intervención con la Violencia Doméstica, 8 LPRA secs. 631, 632, 633.

Luego de haber transcurrido más de veinte (20) años de la última convicción, en específico, el 19 de septiembre de 2023, el recurrido presentó la petición de epígrafe. En la misma, alegó que ya había transcurrido un plazo de cinco (5) años desde que cumplió las sentencias que le fueron impuestas, y que, durante ese término, no incurrió en conducta delictiva alguna. A tenor con ello, solicitó la eliminación de sus convicciones de su expediente de antecedentes penales, así como la devolución de las huellas dactilares, las fotografías y todos los documentos policiales relacionados a su persona. De este modo, y amparándose en las disposiciones legales pertinentes, requirió al Tribunal de Primera Instancia que dictara la correspondiente orden al Superintendente de la Policía de Puerto Rico para que este pusiera a su disposición el referido material. A su vez, solicitó que se ordenara a la Policía de Puerto Rico a abstenerse de utilizar su récord de huellas dactilares a través del sistema de computadoras.

El 22 de septiembre de 2023, el Ministerio Público presentó una moción en oposición a los requerimientos del recurrido. En específico, solicitó la celebración de una vista en la que se pudiera

argumentar la naturaleza de los delitos por este cometidos, previo a disponer de su solicitud, así como interrogarlo, tanto a él, como a sus testigos de reputación. A su vez, el Pueblo expuso que las disposiciones legales invocadas por el recurrido no sustentaban la procedencia de su petición. Sobre este particular, indicó que el estatuto que regula la eliminación de convicciones en el Certificado de Antecedentes Penales no provee para la entrega o destrucción de fotografías o huellas dactilares. Añadió, por igual, que la jurisprudencia en la que el recurrido se apoyó, tampoco sostenía la legitimidad de sus argumentos, toda vez que la misma solo era de aplicación a los casos de una absolución en los méritos, hecho que no ocurrió en el presente caso.

El 26 de octubre de 2023, se celebró la vista peticionada por el Ministerio Público. Conforme surge de la *Minuta* correspondiente, el foro primario declaró *Con Lugar* la solicitud de eliminación de récord penal promovida por el recurrido.

Finalmente, el 4 de diciembre de 2023, el Tribunal de Primera Instancia notificó la *Resolución* recurrida. Mediante la misma, determinó que el recurrido cumplió con todos los requisitos de ley pertinentes para sostener la procedencia de su solicitud. En consecuencia, expresamente ordenó al Superintendente de la Policía a eliminar las convicciones del recurrido de su récord de antecedentes penales. Ahora bien, también le ordenó poner a disposición del recurrido "todas las fotografías, récord de huellas dactilares y todo récord de sus circunstancias personales que le fueron tomados luego de la determinación de causa probable [...] para ser destruidas por este".[1]

Inconforme, y tras denegada una previa solicitud de reconsideración, el 12 de febrero de 2023, la parte peticionaria

---

[1] Véase, Apéndice, Anejo IX, *Resolución*, pág. 30.

compareció ante nos mediante el presente recurso de *certiorari.* En el mismo formula el siguiente señalamiento:

> El Tribunal de Primera Instancia incidió al ordenar al Superintendente de la Policía devolver al señor Pagán Corchado -quien fue convicto por ocho delitos- todas las fotografías, récord de huellas y todo récord de circunstancias personales, ignorando así la letra del Artículo 4 de la Ley Núm. 45-1983, que solo autoriza este tipo de devolución cuando la persona fue indultada o resultó absuelta del proceso judicial, y la jurisprudencia emitida por el Tribunal Supremo local en este tema.

Luego de examinar el expediente de autos, procedemos a expresarnos.

## II

### A

La Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales Ley Núm. 254 de 27 de julio de 1974, según enmendada, viabiliza la eliminación de una convicción por delito grave, en los siguientes términos:

> Toda persona que haya sido convicta de un delito grave que no esté sujeta al Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores ni al Registro de Personas Convictas por Corrupción, podrá solicitar del Tribunal de Primera Instancia una orden para la eliminación de la convicción del Certificado de Antecedentes Penales, siempre que concurran las siguientes circunstancias:
>
> (a) que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno;
> (b) que tenga buena reputación en la comunidad; y
> (c) que se haya sometido a la muestra requerida por la Ley del Banco de Datos de ADN, de estar sujeta a ello.
>
> El peticionario acompañará los documentos necesarios para probar las alegaciones de su petición. El Ministerio Público podrá oponerse o allanarse a la petición, en cuyo caso no será necesario celebrar vista.
>
> 34 LPRA sec. 1725 a-2.

### B

Por su parte, "[e]l uso de las huellas digitales como forma de identificar a las personas es aceptado y reconocido. Se ha sostenido que la toma de huellas digitales y fotografías son procedimientos

usuales y necesarios para la labor de la policía en protección de la seguridad pública y en la persecución del crimen". Véase, Exposición de Motivos, Ley de Huellas Digitales y Fotografías por Delito Grave, Ley Núm. 45 de 1 de junio de 1983, según enmendada, 25 LPRA sec., 1151 *et seq.* Nuestro ordenamiento jurídico reconoce que dicha práctica, como parte de la gestión investigativa de la Policía, cumple un propósito dual: identificar al imputado como la persona que incurrió en el acto delictivo y ayudar a su procesamiento de reincidir en conducta criminal. *Pueblo v. Torres Albertorio*, 115 DPR 128, 130 (1984). Por ello, el referido estatuto expresamente autoriza a la Policía de Puerto Rico a tomar huellas digitales y fotografías a toda persona que, previa determinación de causa probable para arresto, se le impute la comisión de un delito grave. 25 LPRA. sec. 1151; *Pueblo v. Torres Albertorio*, supra, pág. 136.

Ahora bien, en lo concerniente, el Artículo 4 de la Ley Núm. 45, *supra*, establece las instancias exclusivas en las que procede la devolución de las huellas digitales y fotografías. Sobre dicho trámite, dispone como sigue:

> Cualquier persona a la que se le impute la comisión de [un] delito grave o menos grave producto de una misma transacción o evento **que resulte absuelta luego del juicio correspondiente, o por orden o resolución del Tribunal o toda persona que reciba un indulto total y absoluto del Gobernador**, podrá solicitar al Tribunal, la devolución de las huellas digitales y fotografías. El peticionario notificará al Ministerio Publico y de éste no presentar objeción dentro del término de diez días, el Tribunal podrá ordenar, sin vista, la devolución solicitada. De haber objeción del Ministerio Público, el Tribunal señalará vista pública a esos efectos.
>
> 25 LPRA sec. 1115. (Énfasis nuestro).

La doctrina reconoce que la anterior disposición delega en la discreción del tribunal la determinación de devolver, o no, al imputado **absuelto**, el material en cuestión. *Pueblo v. Torres Albertorio*, supra. No obstante, dicha discreción no puede ejercerse

livianamente. "Podrá denegarse la solicitud solo cuando se justifique cumplidamente ante el tribunal, mediante prueba convincente, que existen circunstancias especiales que ameriten que la Policía conserven en cuanto a la persona afectada, las huellas digitales y fotografías que le hubieren sido tomadas". *Íd.* En dicho escenario, la información correspondiente deberá custodiarse como confidencial, guardarse en los archivos, y para uso exclusivo, de la Policía, y no divulgarse como parte del récord de arresto o certificados de conducta de la persona. *Íd.*, pág. 137.

**III**

En la presente causa, el Pueblo sostiene que el Tribunal de Primera Instancia erró al ordenar al Superintendente de la Policía devolver al señor Pagán Corchado sus fotografías, récord de huellas dactilares y todo récord de sus circunstancias personales, ello con relación a sus previas convicciones. Al respecto, plantea que el foro primario se apartó de las disposiciones de la Ley Núm. 45, *supra*, toda vez que, para proveer de conformidad, el peticionario debió haber quedado absuelto de los cargos que se imputaron, instancia que, en el presente caso, no se cumplió. Habiendo examinado el referido señalamiento a la luz de los hechos establecidos y del derecho aplicable, resolvemos expedir el auto solicitado y modificar la *Resolución* recurrida.

Al entender sobre el expediente que nos ocupa, coincidimos con que la eliminación del récord penal del recurrido es procedente. Surge que este estableció ante el tribunal primario las condiciones pertinentes para que su reclamación al respecto se proveyera. Como resultado, el foro de origen emitió la orden correspondiente, determinación que, en virtud del mandato dispuesto en la Ley 143-2014, *supra*, debe ser acatada. No obstante, diferimos de lo resuelto en cuanto a la entrega del registro de huellas dactilares y las fotografías del recurrido.

Tal cual esbozáramos, y conforme plantea el Pueblo en su recurso, el caso de autos no es uno tal en el que proceda la devolución del material en controversia. El aquí recurrido resultó convicto por los delitos graves que le fueron imputados, hecho que automáticamente lo excluye del beneficio de la entrega de sus huellas dactilares y fotografías. Únicamente se provee para ello en casos en los que el imputado resulte absuelto, luego del juicio correspondiente, o cuando este haya recibido un indulto total y absoluto por parte del Gobernador. Dichas exigencias legales han sido avaladas por la doctrina interpretativa de la materia que atendemos, por tanto, resulta forzoso concluir que la orden para entregar al recurrido su registro de huellas dactilares y las fotografías relacionadas a la investigación de los casos por los cuales resultó convicto es una contraria a derecho. Así, por concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, resolvemos expedir el auto solicitado y modificar la *Resolución* recurrida, ello en cuanto a lo aquí dispuesto.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* solicitado y se modifica la *Resolución* recurrida, para dejar sin efecto la orden de entrega de las huellas dactilares y las fotografías del recurrido.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones